UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN C. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:08-0049 |
| | ) | Judge Echols |
| RICKY BELL, WARDEN, ET AL., | ) | |
| | ) | |
| Respondents. | ) | |

## O R D E R

Before the Court is the petitioner's response (Docket Entry No. 9) to the Court's February 4, 2008 Order to show cause why this action should not be dismissed for want of jurisdiction and mootness (Docket Entry No. 7). In his response, the petitioner maintains that the Court does have jurisdiction, and that his claims are not moot.

The record shows that the petitioner's pursuit of his remedies in state court ultimately resulted in the Tennessee Court of Criminal Appeals remanding his case for a new trial. (Docket Entry No. 1, ¶ 11(c)(7), p. 8); *Johnson v. State*, No. M2004-02675-CCA-R3-CO, 2006 WL 721300 at ** 18, 21 (Tenn. Crim. App.). The petitioner's response to the Court's February 4 show-cause Order reveals that his retrial has now concluded, that a *nolle prosequi* entered on the second-degree murder charge, and that his case has gone forward on appeal "on sentencing issues pertaining to the two remaining convictions . . . ." (Docket Entry No. 9, p. 2 & n.1).

Article III of the Constitution provides that federal courts "may only adjudicate actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988); *see also Diaz v. Kinkela*, 253 F.3d 241, 243 (6th Cir.2001). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v.*

*Geraghty*, 445 U.S. 388, 396 (1980)(quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). In other words, "when events occur . . . which render the court unable to grant the requested relief," the case is moot. *Speer v. City of Oregon*, 847 F.2d 310, 311 (6th Cir.1988)(quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir.1986)). Although the Sixth Circuit does not appear to have addressed whether a *habeas corpus* petition becomes moot if state courts grant the petitioner a new trial, at least one federal circuit has ruled that it does. *See Lowe v. Duckworth*, 663 F.2d 42, 43-44 (7th Cir. 1981)(citing *Madyun v. Thompson*, 657 F.2d 868, 872 (7th Cir. 1981)).

In addition to having been granted a new trial, the record establishes that the petitioner is no longer incarcerated because of his 1999 convictions. He is incarcerated because of the convictions that resulted from his retrial. Because the convictions from the petitioner's retrial have superseded those entered against him in 1999, the only state court judgment from which the petitioner may seek federal *habeas corpus* relief under 28 U.S.C. § 2254 is the judgment entered against the petitioner at his retrial. Clearly, the Court may not grant federal *habeas corpus* relief from the judgment entered against the petitioner at his retrial based on alleged errors that stem from his 1999 trial. All of the claims presently before the Court fall into this category. Because the Court is unable to grant relief based on claims that are no longer relevant to the *habeas corpus* calculus, the petitioner's claims pending before this Court have been rendered moot for this reason as well.

For the reasons explained above, the petition (Docket Entry No. 1) is **DENIED** for want of jurisdiction and mootness. This action is **DISMISSED** without prejudice to any relief that may be available to the petitioner in state court, or in any subsequent petition for federal *habeas corpus* relief that he might file that pertains to his retrial. The petitioner's remaining motions (Docket Entry Nos. 5-6) also are **DENIED** as moot.

2

Because an appeal from the judgment of the Court would **NOT** be taken in good faith, the petitioner is **NOT** certified to pursue an appeal in this matter *in forma pauperis*. 28 U.S.C. § 1915((a)(3).

Entry of this Order shall constitute the judgment in this action.

It is so **ORDERED.**

_____
Robert L. Echols
United States District Judge

3